**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7023
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Christopher J. Reilly

*Proposed Counsel to Gregory M. Messer,*
   *Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re                                                    :
                                                         :      Chapter 7
WENDY G. MAITLAND,                                       :
                                                         :      Case No. 17-10883 (SCC)
                              Debtor.                    :
----------------------------------------------------------x

**TRUSTEE'S MOTION FOR AN ORDER COMPELLING THE DEBTOR TO
PERFORM HER DUTIES UNDER 11 U.S.C. § 521(a) AND FED. R. BANKR. P. 4002**

**TO THE HONORABLE SHELLEY C. CHAPMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Gregory M. Messer, the Chapter 7 Trustee (the "Trustee") for the estate of Wendy G. Maitland (the "Debtor"), by and through his proposed counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his motion (the "Motion") for entry of an order compelling the Debtor to perform her duties set forth in 11 U.S.C. § 521(a) and Fed. R. Bankr. P. 4002, respectfully represents:

**PRELIMINARY STATEMENT**

1.  The Debtor has not filed schedules or a statement of financial affairs, both of which were due on April 18, 2017. The Debtor has also not responded to the Trustee's May 19, 2017 official demand to file schedules and statements by May 31, 2017, among other things. At the

same time, the Debtor has taken full advantage of the benefits of her bankruptcy filing and the automatic stay to delay enforcement of a pre-petition warrant of eviction. The Debtor's case has already drawn significant interest from a relatively unknown creditor body with at least four creditors officially appearing in the case through counsel. The Trustee is duty-bound to investigate the Debtor's financial affairs, which necessarily starts with the sworn schedules and statements that are required under the Bankruptcy Code. Unfortunately, the Trustee requires an order of this Court in order to compel the Debtor to do what she agreed to do when she filed her voluntary petition.

2. For the reasons set forth below, the Trustee respectfully requests the entry of an order in substantially the same form as that annexed hereto as Exhibit A (the "Proposed Order"), compelling the Debtor to fulfill her statutory duties.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief requested herein is sections 105(a) and 521(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4002 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## INTRODUCTION

7. On April 3, 2017, (the "Petition Date"), the Debtor filed a voluntary petition for

2

relief under chapter 11 of the Bankruptcy Code.

8. On April 11, 2017, Gregory M. Messer was appointed interim trustee of the Debtor's estate.

9. On May 12, 2017, the Trustee presided over the first meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code and duly qualified and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

## BACKGROUND

10. Eight days after the Petition Date, on April 11, 2017, 536 E 13 LLC (the "Condo Sponsor") filed a motion seeking to recover a condominium unit at Unit #1, 536 East 13th Street, New York, NY (the "Condo") that the Debtor through East Knoll, LLC contracted to purchase but failed to close upon [Docket No. 11] (the "Sponsor Motion"). According to the Condo Sponsor, the Debtor failed to close upon the Condo and then filed the instant bankruptcy case after being served with a warrant of eviction.

11. On April 18, 2017, the Debtor's attorney, Ethan Ganc, filed a motion to be relieved as counsel to the Debtor alleging that "the Debtor has repeatedly failed to do the following: provide requested documentation when promised, respond in a timely manner or often at all to most communications from the firm, and to attend scheduled meetings or calls." Motion at ¶5 [Docket No. 16]. The Debtor's bankruptcy schedules ("Schedules") and statement of Financial Affairs ("SoFA") were due the day Mr. Ganc moved to be relieved as counsel.

12. On May 11, 2017, this Court held a hearing on the Sponsor Motion where the Debtor appeared *pro se* and entered an order directing as follows:

- The turnover of a $16,000 check to the Condo Sponsor that the Debtor had submitted to the clerk in connection with the §362(l) Certification;

3

- The Debtor's payment of two months of use and occupancy to the Condo Sponsor by June 4, 2017;

- A deadline for the Debtor to oppose the Sponsor Motion of June 9, 2017, and a deadline for the Condo Sponsor to reply of June 16, 2017; and

- A continued hearing on the Sponsor Motion scheduled for June 23, 2017 at 10:00 a.m.

[Docket No. 28].

13. On May 12, 2017, the Trustee conducted the first section 341(a) meeting of creditors where the Debtor appeared *pro se* and testified.

14. On May 19, 2017, the Trustee's counsel sent a letter to the Debtor, a copy of which is annexed hereto as <u>Exhibit B</u>, requesting the following by May 31, 2017:

- The filing of Schedules, SoFA and related documents with the Court;

- Entry into a stipulation extending the deadline to object to discharge, move to dismiss for substantial abuse, object to the dischargeability of debt (requested as a courtesy to creditors) or object to a claim of exemptions;

- The production of the following documents:
    - listing or other brokerage agreements that were entered into prior to the Petition Date, but which the Debtor had not received all commissions or other amounts due prior to the Petition Date;
    - employment and/or consulting agreements with Brown Harris Stevens;
    - paystubs, commission statements, proofs of payment or other documents regarding compensation or commissions for the preceding six months;

4

- o tax returns for the last three years;

- o bank statements for the last year; and

- o a copy of a settlement agreement between the Debtor and Town Residential that was publicized in the press.

The letter was delivered by Federal Express to the Debtor at the Condo on May 22, 2017, and to the Debtor by email at wmaitland@bhusa.com on May 19, 2017.

15. To date, neither the Debtor nor any attorney representing her has contacted the Trustee's counsel or otherwise fulfilled any of the requests made in the May 19th letter.

16. Despite the lack of disclosures and participating in the case, a number of creditors or alleged creditors have already appeared through counsel, including:

| **Creditor/Alleged Creditor** | **Counsel** |
|---|---|
| 536 E 13 LLC | William J. Geller |
|  | Adam Leitman Bailey, P.C. |
| Brandan Kirby | Dan Shaked |
| Regal Kirby Interiors, Inc. | Shaked Law Group, P.C. |
| Middlegate Funding LLC | Steven J. Cohen |
|  | David Yeger |
|  | Wachtel Missry LLP |
| Friedman Kaplan Seiler & Adelman LLP | Jason C. Rubinstein |
|  | Nora Bojar |
|  | Friedman Kaplan Seiler & Adelman LLP |

17. Based upon the Debtor's failure to filed the required Schedules and SoFA, and respond to the Trustee's inquiries, the Trustee believes that he requires an order in substantially the same form as the Proposed Order compelling the Debtor to comply with her duties under the Bankruptcy Code.

**RELIEF REQUESTED**

18. Among others, the Debtor has the following duties under the Bankruptcy Code and Bankruptcy Rules:

    a) File a list of creditors, a schedule of assets and liabilities, and a schedule of current income and current expenditures [11 U.S.C. § 521(a)(1)(A), (B)(i) and (ii)];

    b) File a statement of financial affair [11 U.S.C. § 521(a)(1)(B)(iii)];

    c) Cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code [11 U.S.C. § 521(a)(3)] and cooperate with the Trustee in the administration of the estate [Bankruptcy Rule 4002(a)(4)];

    d) Surrender to the Trustee all property of the estate and any recorded information, including books, documents records, and papers, relating to property of the estate (collectively, "Books and Records") [11 U.S.C. § 521(a)(4)];

    e) Inform the Trustee immediately in writing as to the location of real property in which the Debtor has an interest and the name and address of every person holding money or property subject to the Debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Bankruptcy Rule 1007 [Bankruptcy Rule 4002(a)(3)]; and

    f) Provide certain documents to the Trustee, including evidence of current income, statements for each of the Debtor's depository and investment accounts, including checking savings and money market accounts, mutual funds and brokerage accountants, documentation of monthly expenses claimed by the Debtor, and a current income tax returns [Bankruptcy Rule 4002(b)(2) and (3)].

(collectively, the "Outstanding Duties").

19.     The Debtor has failed to timely perform each one of the Outstanding Duties making it impossible for the Trustee to do his job. The Trustee requires an order of this Court, similar, if not identical, to the Proposed Order. If the Debtor complies with any order granted by the Court, this matter will be resolved. However, if she does not, such order would form the basis for the Trustee to:

    a) Commence an adversary proceeding against appropriate parties for the turnover of property of the estate pursuant to 11 U.S.C. § 542(a);

    b) Object to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4) or (6); and/or

    c) Seek an appropriate civil and/or criminal contempt remedy from this Court

pursuant to 11 U.S.C. § 105(a).

20.    The Trustee proposes to give the Debtor ten (10) days to file Schedules and SoFA, and turnover all Books and Records.  The Trustee believes that is sufficient time for the Debtor to come into compliance with his obligations under the Bankruptcy Code and Bankruptcy Rules, especially when considering the additional time afforded in responding to this Motion.

## **NOTICE**

21.    The Trustee proposes to serve the Motion, Proposed Order and notice of hearing thereon upon the Debtor on not less than twenty (20) days' notice.  In light of the fact that this Motion only seeks to compel the Debtor to do what she has a statutory obligation to do in the first place, the Trustee submits that the notice is more than sufficient under the circumstances.

## **NO PRIOR RELIEF**

22.    No previous application for the relief sought herein has been made to this or any other court.

*[Continued on next page]*

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and for such other and further relief as the Court determines to be just and proper.

Dated: New York, New York
June 1, 2017

                                      **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
        creilly@klestadt.com

*Proposed Counsel to Gregory M. Messer, the Chapter 7 Trustee of the Estate of Wendy Maitland*